UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

JAVIER PENA,

Plaintiff,

-against-

CITY OF NEW YORK, ANTHONY GROSSO, Individually, "JOHN" ROSA, Individually, "JOHN" MARTIN, Individually, L. BAEZ, Individually, and JOHN and JANE DOE 1 through 6, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

Jury Trial Demanded

Plaintiff JAVIER PENA, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

1. Plaintiff bring this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

**PARTIES**

6. Plaintiff JAVIER PENA is a fifty-seven-year-old man of Costa Rican descent residing in the Bronx, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants ANTHONY GROSSO, "JOHN" ROSA, "JOHN" MARTIN, and JOHN and JANE DOE 1 through 5, were duly sworn police officers of the NYPD and were acting under the supervision of said department and according to their official duties.

10. Defendant CITY OF NEW YORK also maintains the New York City Department of Correction Department (hereinafter referred to as "NYCDOC"), a duly authorized public authority and/or correction department, authorized to perform all functions of a correction department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

11. That at all times hereinafter mentioned, the individually named defendants L.

BAEZ and JOHN DOE 6, were duly sworn correction officers of the NYCDOC and were acting under the supervision of said department and according to their official duties.

12. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

14. On March 9, 2015, at approximately 6:52 p.m., plaintiff JAVIER PENA was unlawfully arrested and subjected to excessive force inside of 2824 Bronx Park East, Bronx, New York, by or in the presence of defendant NYPD officers ANTHONY GROSSO, "JOHN" ROSA, "JOHN" MARTIN, and JOHN and/or JANE DOE 1 through 5.

15. On the aforementioned date, plaintiff, who suffers from a number of medical issues and ambulated with a cane, was entering his building with his wife, having just come from a medical appointment, when approximately seven to eight police officers and two FDNY EMS officers were also trying to gain entrance to the building.

16. Plaintiff's wife had their two small dogs with her.

17. Plaintiff opened the door and let the NYPD defendant officers and EMS officers into the building and then proceeded towards his apartment.

18. As plaintiff proceeded to walk to his apartment, one of the EMS officers pulled a rug, apparently to prop open a door.

19. Plaintiff was still walking on the rug, which belonged to plaintiff, when the EMS officer pulled it, nearly causing plaintiff to fall to the ground.

20. In response, plaintiff stumbled and then stated in sum and substance, this is my rug, if you ask me to move it, I'll move it.

21. In response to plaintiff's statement to the EMS officer, one of the defendant NYPD officers accused plaintiff of having an attitude.

22. Plaintiff responded by stating, in sum and substance, that he had rights.

23. Plaintiff's wife was also entering the building at this time with the two dogs.

24. One of the dogs, a chihuahua, was trying to follow plaintiff's wife into the apartment but got stuck in the hallway due to the commotion.

25. Plaintiff picked the dog up and handed the dog to his wife.

26. Plaintiff did not mishandle the dog when he picked it up to hand to his wife.

27. After plaintiff handed the dog to his wife, he was grabbed, assaulted, and arrested by approximately four defendant NYPD officers.

28. Plaintiff was grabbed by the neck, pushed and slammed against a wall in the hallway, peppered sprayed, and then lifted up and carried to a police vehicle outside.

29. Plaintiff was then handcuffed and imprisoned in the police vehicle and transported to the 49th Police Precinct and imprisoned therein.

30. The defendant officers continued to imprison plaintiff until March 10, 2015, when plaintiff was arraigned in Bronx County Supreme Court – Criminal Term on baseless charges filed under docket number 2015BX011451; said charges having been filed based on the false allegations of the defendant officers, sworn to by defendant GROSSO.

31. Defendant GROSSO created and manufactured false evidence which he conveyed

to the Bronx County District Attorney's office which used same against plaintiff in the aforementioned legal proceeding. Specifically, defendant GROSSO swore to false allegations that plaintiff had obstructed the EMS officers from performing their duties, that plaintiff had picked up his dog in a manner that could cause the dog to suffer injury and pain, had resisted arrest, and acted disorderly, claims which were false and manufactured and led to plaintiff being arraigned and detained on false charges of resisting arrest, obstruction of governmental administration, torturing and injuring animals, and disorderly conduct.

32. As a result of the defendants' conduct and false claims, bail was set at plaintiff's arraignment, resulting in plaintiff being transported to and imprisoned at the Vernon C. Bain Center (hereinafter "VCBC"), a jail operated by NYCDOC, from March 10, 2015 through, upon information and belief, March 14, 2015.

33. During plaintiff's transport to VCBC, while restrained by chains, and without any justification, plaintiff was again subjected to excessive force by defendant correction officer L. BAEZ, in the presence of defendant NYCDOC officer JOHN DOE 6.

34. Specifically, plaintiff was repeatedly punched in his torso and head.

35. Plaintiff was bleeding and felt pain to his back when he stood up on the bus upon arrival at the VCBC.

36. As a result of the NYPD defendants' false claims against plaintiff, plaintiff was compelled to return to court on numerous occasions.

37. On July 27, 2015, count three of the criminal complaint charging torturing and injuring animals was dismissed on the motion of the Bronx County District Attorney's Office.

38. On August 23, 2016, all of the remaining charges were adjourned in contemplation of dismissal and have since been dismissed and sealed and otherwise deemed a legal nullity.

39. Defendants GROSSO, ROSA, MARTIN, BAEZ, and JOHN and JANE DOE 1 through 6 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

40. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of falsification.

41. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants engage in a practice of falsification. It is likewise aware from lawsuits, notices of claims, complaints filed with the IG's office and/or with other DOC investigatory bodies, that many DOC officers engage in the persistent and unjustified use of excessive force, and that they frequently lie and/or otherwise cover up acts of brutality.

42. For instance, in another civil rights action filed in this Circuit involving false allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

43. Defendant CITY OF NEW YORK is further aware that such improper training has

often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action, to adequately discipline officers, and allowing officers who are known to have lied or fabricated claims and testimony to remain NYPD officers. *See e.g.* https://www.buzzfeed.com/kendalltaggart/secret-nypd-files-hundreds-of-officers-committed-serious?utm_term=.mxNOPeK5l#.trGPzKBMG.

44. These failures caused the officers in the present case to violate the plaintiffs' civil rights.

45. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

46. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

47. All of the aforementioned acts deprived plaintiff JAVIER PENA of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

48. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

49. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

50. As a result of the foregoing, plaintiff JAVIER PENA sustained, *inter alia*, deprivation of his liberty, serious physical injuries, loss of his dog for an extended period of time, emotional distress, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

51. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants arrested plaintiff JAVIER PENA without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

53. Defendants caused plaintiff JAVIER PENA to be falsely arrested and unlawfully imprisoned.

54. As a result of the foregoing, plaintiff JAVIER PENA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

55. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff JAVIER PENA'S constitutional rights.

57. As a result of the aforementioned conduct of defendants, plaintiff JAVIER PENA

was subjected to excessive force and sustained serious physical injuries and emotional distress.

58. As a result of the foregoing, plaintiff JAVIER PENA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

59. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Defendants created false evidence against plaintiff JAVIER PENA.

61. Defendants utilized this false evidence against plaintiff JAVIER PENA in legal proceedings.

62. As a result of defendants' creation and use of false evidence, plaintiff JAVIER PENA suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

63. As a result of the foregoing, plaintiff JAVIER PENA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

64. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Defendants had an affirmative duty to intervene on behalf of plaintiff JAVIER

PENA, whose constitutional rights were being violated in their presence by other officers.

66. The defendants failed to intervene to prevent the unlawful conduct described herein.

67. As a result of the foregoing, plaintiff JAVIER PENA' liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

68. As a result of the foregoing, plaintiff JAVIER PENA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

69. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

71. As a result of the foregoing, plaintiff JAVIER PENA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

72. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

74. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, committing perjury and/or manufacturing evidence and engaging in a practice of falsification. The aforementioned customs, policies, usages, practices, procedures and rules of the NYCDOC included, but were not limited, to, using excessive force against inmates under its care, custody and control, and engaging in falsification. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff JAVIER PENA' rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

75. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK, the NYPD, and the NYCDOC, constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JAVIER PENA.

76. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK, the NYPD, and the NYCDOC, were the direct and proximate cause of the constitutional violations suffered by plaintiff JAVIER PENA as alleged herein.

77. The foregoing customs, policies, usages, practices, procedures and rules of the

CITY OF NEW YORK, the NYPD, and NYCDOC, were the moving force behind the Constitutional violations suffered by plaintiff JAVIER PENA as alleged herein.

78. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK, the NYPD, and the NYCDOC, plaintiff JAVIER PENA was, *inter alia,* unlawfully arrested, maliciously prosecuted, subjected to fabrication of evidence, and excessive force.

79. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JAVIER PENA's constitutional rights.

80. All of the foregoing acts by defendants deprived plaintiff JAVIER PENA of federally protected rights, including, but not limited to, the right:

A. Not to be deprived of liberty without due process of law;

B. To be free from false arrest/unlawful imprisonment;

C. To be free from deprivation of his right to fair trial; and

D. To be free from excessive force.

81. As a result of the foregoing, plaintiff JAVIER PENA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff JAVIER PENA demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
March 8, 2018

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiff JAVIER PENA
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By: __s/ Brett Klein____________________
BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

JAVIER PENA,

Plaintiff,

Docket No.

-against-

CITY OF NEW YORK, ANTHONY GROSSO, Individually, "JOHN" ROSA, Individually, "JOHN" MARTIN, Individually, L. BAEZ, Individually, and JOHN and JANE DOE 1 through 6, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132